# EXHIBIT A

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
**NOVEMBER 2025**
E-Filing Number: 2511033310
**02300**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LEEANN SHERMAN | AMERICAN ASSOCIATION OF SUICIDOLOGY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2026 JOANN AVENUE<br>HUMMELSTOWN PA 17036 | C/O NORTHWEST REGISTERED AGENT SERVICE, INC.<br>1717 N. STREET NW. SUITE 1<br>WASHINGTON DC 20036 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration      [ ] Mass Tort       [ ] Commerce          [ ] Settlement<br>[X] Jury              [ ] Savings Action  [ ] Minor Court Appeal [ ] Minors<br>[ ] Non-Jury          [ ] Petition        [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**
2L - LIBEL, SLANDER, MISREPRESENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
NOV 17 2025
L. BREWINGTON

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

### TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LEEANN SHERMAN
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ERIC L. WINKLE | 363 W ROSEVILLE RD<br>LANCASTER PA 17601 |
| **PHONE NUMBER**<br>(717)560-6330 | **FAX NUMBER**<br>(717)560-6328 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>57946 | **E-MAIL ADDRESS**<br>ewinkle@bylerwinkle.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>ERIC WINKLE | **DATE SUBMITTED**<br>Monday, November 17, 2025, 11:01 am |

FINAL COPY (Approved by the Prothonotary Clerk)

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA



Filed and Attested by the
Office of Judicial Records
17 NOV 2025 11:01 am
L. BREWINGTON

LEEANN SHERMAN,

Plaintiff

v.

AMERICAN ASSOCIATION OF
SUICIDOLOGY, INC.
Defendant

Case No.:

JURY TRIAL DEMANDED

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

10-284

Case ID: 251102300

BYLER & WINKLE, P.C.
BY: *Eric L. Winkle, Esquire*
Identification No. 57946
363 West Roseville Road
Lancaster, PA 17601                                  Attorneys for Plaintiff
(717) 560-6330

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| LEEANN SHERMAN, | |
| | Case No.: |
| Plaintiff | |
| | |
| v. | **JURY TRIAL DEMANDED** |
| | |
| AMERICAN ASSOCIATION OF | |
| SUICIDOLOGY, INC. | |
| Defendant | |

## COMPLAINT

Plaintiff, Leeann Sherman, by and through her Attorneys, Byler & Winkle, P.C., files the within Complaint and in support thereof avers as follows:

1. Plaintiff Leeann Sherman ("Ms. Sherman") is an adult individual with a principal place of residence located at 2026 Joann Avenue, Hummelstown, PA 17036.

2. Defendant American Association of Suicidology, Inc. ("AAS") is a corporation incorporated in Washington, D.C.

3. AAS is income tax exempt under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

4. From December 5, 2022 through September 17, 2024, Ms. Sherman was the CEO and President of AAS.

5. AAS has hundreds of members and clients throughout the United States.

6. AAS provides virtually all of its services remotely via the internet.

1

7. From 2022 through September 17, 2024, AAS had a total of between six and eight employees at any given time. Three of those employees were residents of the Commonwealth of Pennsylvania and worked in Pennsylvania on a full-time basis for AAS.

8. The mailing address for AAS (as posted on its website) from 2022 through September 17, 2024 was 448 Walton Avenue, PO Box 790, Hummelstown, PA 17036.

9. The mailing address listed on the website for AAS as of the filing of this Complaint is: 423 Georgetown Rd., P.O. Box #1, Lawrence, PA 15055.

10. It is believed and therefore averred that AAS currently has at least one full-time employee working for AAS within the Commonwealth of Pennsylvania.

11. The current Chairperson of the Board of Directors of AAS is a resident of Pennsylvania and performs her duties as a Director from Pennsylvania.

12. It is believed and therefore averred that AAS has had for several years and continues to have hundreds of clients and members located within Philadelphia County, Pennsylvania.

13. Ms. Sherman was terminated by AAS on September 17, 2024.

14. At that time, Hudson Harris was Chairperson of the AAS Board of Directors.

15. Mr. Harris had developed an intense dislike for Ms. Sherman. He would berate her on a regular basis and make unreasonable demands upon her. He was also demeaning and condescending to her and would copy others on these communications.

16. Mr. Harris had a staunch ally in AAS; her name was Samantha Schultz. Ms. Shultz was (during Ms. Sherman's employment by AAS) and still is a resident of Pennsylvania.

17. When Mr. Harris terminated Ms. Sherman, she was replaced by Jody Gottlieb (then named Interim Executive Director of AAS).

18. Ms. Gottlieb had initially been supportive of Ms. Sherman and had told an AAS board member (Tony Coder) that allegations of misconduct by Ms. Sherman were not true.

19. However, within a few days after being named Interim Executive Director, Ms. Gottlieb began telling Mr. Coder that Ms. Sherman had "mismanaged funds" and "misused funds" of AAS.

20. During September, 2024 Ms. Gottlieb told Mr. Coder the allegations that Ms. Sherman had "misused funds" and "mismanaged funds" of AAS were the reason AAS was unable to pay its obligations.

21. Ms. Gottlieb confirmed to Mr. Coder that the Board of Directors of AAS were aware of the "mismanagement" and "misuse" of funds by Ms. Sherman and that the Board of Directors had instructed Ms. Gottlieb to offer Mr. Coder's organization a refund of only one-half of the funds it had paid for services that AAS would not be able to render.

22. Ms. Gottlieb made it clear that the AAS Board of Directors had approved the refusal to refund money from AAS to Mr. Coder's employer.

23. Ms. Gottlieb also made it clear that the Board of Directors had authorized her to inform Mr. Coder that the "mismanagement" and "misuse of funds" by Ms. Sherman were the reasons AAS could not refund the amounts otherwise due to his organization.

24. On November 27, 2024 the National Council for Suicide Prevention held its Council meeting (remotely via electronic media). Ms. Gottlieb attended that meeting as Executive Director of AAS.

25. AAS was one of the eight organizations that comprised the National Council. All of those are suicide prevention non-profit organizations.

26. At that November 27th virtual meeting, Ms. Gottlieb spent almost 20 minutes

telling the other members of the Council that Ms. Sherman engaged in serious misconduct including "financial mismanagement of AAS" and "embezzlement" from AAS.

27. All of the members of the National Council on Suicide Prevention heard those accusations of Ms. Gottlieb during that virtual meeting. Most of the accusations by Ms. Gottlieb were recorded (all National Council meetings are recorded), until Ms. Gottlieb requested that the recording be turned off.

28. It is believed and therefore averred that the National Council is still in possession of that recording.

29. Those allegations were part of Ms. Gottlieb's self-described "apology tour" explaining to other organizations that all of AAS' financial and management problems were the result of misconduct by Ms. Sherman. Ms. Gottlieb was apologizing (on behalf of AAS) for all of the things AAS could not do to help the other organizations with suicide prevention, and blaming AAS' problems on Ms. Sherman's alleged misconduct.

30. Ms. Gottlieb blamed all of this on the financial desperation of AAS she claimed was caused by Ms. Sherman.

31. Those allegations were completely false.

32. Ms. Gottlieb knew those allegations were completely false.

33. Ms. Gottlieb had been told by AAS' CFO, Bonnie Benetti, before November 2024, that Ms. Sherman had not embezzled any funds nor mismanaged any of AAS' money.

34. It is believed and therefore averred that Mr. Harris and/or the Board of Directors encouraged and instructed Ms. Gottlieb to blame Ms. Sherman for the financial distress of AAS.

35. Ms. Gottlieb knew or should have known that the allegations she made against Ms. Sherman were false.

36. Mr. Harris and the Board of Directors knew or should have known the allegations made by Ms. Gottlieb against Ms. Sherman were false.

37. During September and October 2024 Ms. Gottlieb told other AAS employees at virtual meetings that Ms. Sherman had "embezzled" money from AAS.

38. Ms. Gottlieb spoke to Wendy Cliff during September 2024. Wendy was Head of Membership & Events of the International Association of Suicide Prevention ("IASP"). Ms. Gottlieb told Wendy that Ms. Sherman "misused funds of AAS", "misappropriated funds" of AAS and "mismanaged funds" of AAS. Ms. Gottlieb used the missing money as an excuse to cancel the participation of AAS and its personnel in IASP events.

39. Wendy Cliff was shocked by these allegation and shortly after Ms. Gottlieb made them, Wendy told Tony Coder (formerly a member of the AAS Board of Directors) and still Executive Director of the Ohio Suicide Prevention Foundation, that Ms. Gottlieb had accused Ms. Sherman of having "mismanaged funds" from AAS.

40. Wendy Cliff also repeated to Mr. Coder and Ms. Sherman that she had been told of Ms. Sherman's "embezzlement" and "theft" of funds from AAS by several other people at the IASP conference in Minnesota in November 2024. Those people had heard the allegations from AAS staff regarding the alleged "misuse of funds" by Ms. Sherman. AAS' story about Ms. Sherman was spreading rapidly through the suicide prevention community.

41. The suicide prevention field is comparatively small as industries go. The statements made by AAS personnel (including Ms. Gottlieb and Mr. Harris) spread quickly through other organizations.

42. As a result of the serious accusations leveled against Ms. Sherman by AAS and its personnel, she has been unable to find other suitable executive level employment in the suicide

prevention field.

43. At the time AAS terminated her, Ms. Sherman earned $241,500 per year in salary, plus benefits.

44. In over a year, Ms. Sherman has been unable to obtain a replacement executive position.

45. It is believed and therefore averred that the false accusations of "embezzlement" and "financial mismanagement" and "misuse of funds" leveled against Ms. Sherman by AAS' personnel are the reason Ms. Sherman has been unable to find employment.

46. The amounts at issue in this lawsuit exceed the threshold requiring mandatory arbitration in Philadelphia County.

## COUNT I

### DEFAMATION – SLANDER

47. The averments of paragraphs 1 through 46 are incorporated herein by reference as though set forth in full.

48. The false accusations of Ms. Gottlieb constitute defamation per se.

49. The false accusations of Mr. Harris constitute defamation per se.

50. The false accusations authorized or tolerated by the AAS Board of Directors constitute defamation per se.

51. AAS is responsible to the false accusations of Ms. Gottlieb (its Executive Director) and Mr. Harris (a member of AAS' Board of Directors).

52. AAS, Ms. Gottlieb and Mr. Harris knew or should have known the allegations of "embezzlement" and "financial mismanagement" were false.

53. The false allegations of Ms. Gottlieb and Mr. Harris were authorized or tolerated

by the AAS Board of Directors.

54. AAS, Ms. Gottlieb and Mr. Harris knew or should have known that such allegations would make it difficult, if not impossible, for Ms. Sherman to find other suitable employment.

WHEREFORE, Plaintiff Leeann Sherman hereby demands judgment in her favor and against Defendant American Association of Suicidology, Inc. for the following:

a. Damages to her reputation by the actions of AAS and its employees in an amount to be determined at time of trial;

b. Lost wages and benefits due to the misconduct of AAS and its employees;

c. Punitive damages in an amount to be determined at time of trial; and

d. Such other relief as this Honorable Court determines to be appropriate.

Respectfully submitted,
BYLER & WINKLE, P.C.

Date: November 14, 2025          By: _____
                                 Eric L. Winkle, Esquire
                                 PA Atty. ID No. 57946
                                 363 W. Roseville Road
                                 Lancaster, PA 17601
                                 (717) 560-6330
                                 Attorneys for Plaintiff

7

## VERIFICATION

I, Leeann Sherman, Plaintiff, verify that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsifications to authorities.

Date: 11/14/2025

*/s/ Leeann Sherman*
**LEEANN SHERMAN**

Case ID: 251102300

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:     Eric L. Winkle
Signature:        /s/Eric L. Winkle
Name:             Eric L. Winkle
Attorney No. (if applicable):     57946