BYLER & WINKLE, P.C.
BY: *Eric L. Winkle, Esquire*
Identification No. 57946
363 West Roseville Road
Lancaster, PA 17601                                    Attorneys for Plaintiff
(717) 560-6330

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEEANN SHERMAN, | : | |
| | : | Case No.: 2:25-CV-07390-GAM |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN ASSOCIATION OF | : | |
| SUICIDOLOGY, INC. | : | |
| | : | |
| Defendant | : | |

### BRIEF OF PLAINTIFF LEEANN SHERMAN
### IN SUPPORT OF HER MOTION TO REMAND

Plaintiff, Leeann Sherman, by and through her attorneys, Byler & Winkle, P.C. files the within Brief in Support of Motion to Remand.

**Statement of the Case.**

Leeann Sherman was the President of the American Association of Suicidology, Inc. ("AAS") for approximately two years. In late 2024, AAS terminated Ms. Sherman. Thereafter, the interim Executive Director, Jody Gottlieb, made many disparaging and defamatory statements about Ms. Sherman to people inside and outside of AAS, including many people responsible for running other organizations in the suicide prevention/suicide education business. These defamatory statements damaged Ms. Sherman's reputation and she has been unable to find employment as a result of those statements. Therefore, on November 17, 2025, Ms. Sherman filed a defamation lawsuit against AAS in the Court of Common Pleas of Philadelphia County.

- 1 -

AAS removed the case to the Eastern District Federal Court on December 30, 2025, based upon diversity of citizenship. There is no federal question involved or alleged.

**Summary of Argument.**

The basis for removal of the lawsuit from state court to federal court was alleged to be diversity of citizenship. That diversity was based upon the place of residence of the acting Executive Director of AAS, Denise Hyater.[1] AAS stated that the corporation's principal place of residence is where the person lives who has the responsibility to direct and develop plans, strategies, budgets, goals and oversee significant corporate decisions, since AAS is a virtual corporation (with no general fixed place of business).[2] On December 30, 2025, Denise Hyater was a resident of Washington, D.C. At all times relevant to this lawsuit and the underlying action, Leeann Sherman has been a resident of the Commonwealth of Pennsylvania. Therefore, AAS claimed that since it was a resident of Washington, D.C. and Ms. Sherman was a resident of Pennsylvania, the Federal District Court had jurisdiction pursuant to the federal diversity of citizenship statute.

On the public website of AAS as of December 30, 2025, Denise Hyater was no longer listed as the Executive Director of AAS.[3] In addition, Jenna Baker (then Chairperson of the Board of Directors of AAS) stated in her publicly available LinkedIn page that she had become CEO of AAS during December of 2025.[4] In addition, the AAS webpage had been modified as of December 30, 2025 to indicate that its mailing address was 4242 Carlisle Pike, Suite 101B, Camp Hill, Pennsylvania.[5] Ms. Baker lives in Camp Hill, Pennsylvania. Due to the published

---

[1] See Notice of Removal, ¶8.
[2] See Notice of Removal, ¶¶5 - 8.
[3] See photocopies of the AAS "Team" page dated December 30, 2025, attached to the Motion to Remand as Exhibit "A."
[4] See the printout of Ms. Baker's publicly available LinkedIn page, attached to the Motion to Remand as Exhibit "B."
[5] See Exhibit "A" attached to the Motion to Remand.

information on the AAS website and Ms. Baker's LinkedIn page, it is clear that Jenna Baker (a resident of Camp Hill, Pennsylvania) had replaced Denise Hyater as of December 30, 2025. Therefore, on December 30, 2025, AAS was a citizen of Pennsylvania, just as Leeann Sherman was a citizen of Pennsylvania. Therefore, no diversity of citizenship existed.

**Argument.**

The Third Circuit Court of Appeals has been clear that for a case removed from state court to federal court based on diversity of citizenship, such diversity must exist on the date of removal, not the date that the case was initiated in state court.[6] In that case, the Third Circuit explained that there is no "black letter rule" that jurisdiction is determined at the time of filing the complaint. The New Rock Asset Partners case means that federal diversity jurisdiction is determined at the time of removal.[7]

The New Rock Asset Partners and Perth Amboy v. Safeco cases are in complete harmony with all of the cases that AAS has cited and upon which Ms. Sherman relies. The difference between our positions was whether diversity must only exist when the complaint is filed in state court or, in line with the Third Circuit in New Rock Asset Partners, whether diversity of citizenship is measured when one of the parties first attempts to invoke the jurisdiction of the federal courts. By analyzing the state of the parties and their claims (diversity of citizenship, amount in controversy or federal subject matter), all of the courts cited by either party have measured those requirements at the time either of the parties first invoked the jurisdiction of the federal court. This is true in the cases AAS cited; in each case a federal complaint based on diversity was filed in federal court and that was the time for the measurement of diversity of

---

[6] See, for example, New Rock Asset Partners v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1503 (U.S. Court of Appeals, Third Circuit 1996).
[7] City of Perth Amboy v. Safeco Insurance Co., 593 F.Supp. 2d 742, 752 (D.C., New Jersey, 2008).

citizenship (it was the first time that a party had invoked the jurisdiction of the federal courts). Completely consistently, in New Rock Asset Partners and Perth Amboy v. Safeco diversity of citizenship was measured at the time the state court action was removed to federal court (the first time either party had invoked the jurisdiction of the federal courts).

After some initial dispute between counsel for AAS and counsel for Ms. Sherman regarding when the diversity of citizenship would be measured, all counsel have agreed that diversity must exist at the time a case is removed to federal court.[8] Since diversity did not exist on December 30, 2025, this Honorable Court does not have jurisdiction over this case and it should be remanded to state court.

**Conclusion.**

For the reasons stated above, this case should be Remanded to the Philadelphia Court of Common Pleas.

Respectfully submitted,
BYLER & WINKLE, P.C.

Date: February 3, 2026    By:      */s/Eric L. Winkle*
Eric L. Winkle, Esquire
PA Atty. ID No. 57946
363 W. Roseville Road
Lancaster, PA  17601
(717) 560-6330
Attorneys for Plaintiff
ewinkle@bylerwinkle.com

---

[8] See the email from AAS Attorney Alex Cranford dated January 26, 2026 addressed to Eric Winkle, attached to the Motion to Remand as Exhibit "C."

## **CERTIFICATE OF SERVICE**

I, Eric L. Winkle, Esquire, hereby certify that I am this day serving a copy of the foregoing document upon the persons and in the manner indicated below.

Service by ECM system as follows:

Michael J. Halaiko
Zachary L. Erwin
Alexander V. Cranford
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
*Attorneys for Defendant*

BYLER & WINKLE, P.C.

Date: February 3, 2026     By:     */s/Eric L. Winkle*
Eric L. Winkle, Esquire
PA Atty. ID No. 57946
363 W. Roseville Road
Lancaster, PA  17601
(717) 560-6330
Attorneys for Plaintiff
ewinkle@bylerwinkle.com