IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEEANN SHERMAN** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-7390 |
| | : | |
| **AMERICAN ASSOCIATION OF** | : | |
| **SUICIDOLOGY, INC.** | : | |

**McHUGH, J.**                                                                                            **February 20, 2026**

### MEMORANDUM

This is an action brought against an association incorporated in Washington D.C., which operates remotely, with no fixed physical location. For practical purposes it operates wherever its executive director is located. When the action was filed in state court, there is no dispute that its executive director, Denise Hyater, was a resident of the District of Columbia, and discharged her duties there. This would have supported diversity jurisdiction if the case had been removed then, because the "nerve center" for remote entities is the state from which its activities are being directed. *See Gaete v. Arctic Glacier Premium Ice,* No. 24-CV-1396, 2025 WL 642092, at *4 (E.D. Pa. Feb. 27, 2025). But the parties agree that diversity must continue to exist at the time of removal. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150–51 (3d Cir. 2017).

Removal here occurred on December 30, 2025. ECF 1. Plaintiff has moved to remand, because, as of that date, Defendant's website represented that the executive director of the association was Jenna Baker, who the parties agree was a resident of Pennsylvania, the same as Plaintiff. Defendant responded with an affidavit representing that the formal transition of authority did not occur until the following day, with the result that the association should be deemed a citizen of the District of Columbia on the date of removal. That response has in turn prompted Plaintiff

to seek limited discovery on the issue of diversity. ECF 20.

I see no need for discovery to resolve this motion, because the position advanced by the defense is untenable. Corporations without a brick-and-mortar locus have great flexibility in conducting their operations. But in the absence of any tangible existence except online, for practical purposes, how the corporation defines itself online becomes its public identity. Courts cannot accept a model where an entity has a public-facing identity which it then renounces based on its behind-the-scenes activity. Remote businesses must be bound by how they choose to portray themselves on the internet, because even putting to one side the possibility of manipulation,[1] allowing them to claim an inconsistent public-private identity yields only confusion, accompanied by disruption, as illustrated by this case.

Plaintiff has moved to remand because she understandably relied upon how Defendant presented itself to the public. Importantly, Defendant does not dispute its public face, but simply assumes it can invoke a separate, private identity for jurisdictional purposes. If that position is allowed to stand, the dichotomy it embodies then spawns threshold jurisdictional discovery and additional motion practice.

I conclude that Defendant cannot have it both ways, and is bound by its self-described public identity, rendering it a citizen of Pennsylvania as of December 30, 2025, mandating remand of this action to state court.

      /s/ Gerald Austin McHugh
United States District Judge

---

[1] This observation is not intended to cast aspersions on the affidavit submitted in this case.